Manuel Salvador CONTRERAS–AVINA; Lucila Contreras, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71177.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

Carlos Vellanoweth, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Allen W. Hausman, Attorney, Susan K. Houser, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

480

## MEMORANDUM [**]

Manuel Salvador Contreras–Avina and his wife Lucila Contreras, natives and citizens of Mexico, petition for review of separate orders of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of an immigration judge ("IJ") denying their applications for cancellation of removal, and denying their motion to remand. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the agency's factual determination of continuous physical presence for substantial evidence. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir. 2004). We review de novo claims of constitutional violations in immigration proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's denial of Mr. Contreras–Avina's application for cancellation of removal in the exercise of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 889–90 (9th Cir.2003). The petitioners' contention that the agency deprived them of due process by misapplying the law to the facts of their case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Substantial evidence supports the agency's conclusion that Ms. Contreras failed to establish her continuous physical presence in the United States during the ten years prior to September 6, 2000, because Ms. Contreras was unable to adequately explain the discrepancies in her testimony and the inconsistency between her testimony and her application regarding her date of entry into the United States. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1).

The petitioners contend that the IJ violated due process by abandoning his role as a neutral fact finder. Contrary to the petitioners' contention, they were not "prevented from reasonably presenting [their] case." *Colmenar*, 210 F.3d at 971 (citation omitted).

Finally, we do not address the petitioners' contentions regarding the BIA's denial of their motion to remand to present new evidence of hardship because the agency's discretionary denial of cancellation with respect to Mr. Contreras–Avina, *see* 8 U.S.C. § 1252(a)(2)(B)(i), and denial for failure to demonstrate physical presence with respect to Ms. Contreras, are dispositive of the petitioners' applications, *see* 8 U.S.C. § 1229b(b)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.